UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

EUGENIA HARRIS,

Defendant.

Criminal No. 12-156 (CKK)

REDACTED MEMORANDUM OPINION
(August 31, 2016)

Presently before the Court is the Government's [62] Motion for Leave to File Under Seal the Government's Addendum to its Memorandum in Aid of Sentencing. The Government requests that the Court permit it to file under seal its [62-2] Addendum to its Memorandum in Aid of Sentencing as well as the instant Memorandum Opinion and accompanying Order. Defendant consents to the Government's request to seal the Addendum.

Upon consideration of the pending motion and accompanying documents,[1] the relevant authorities, and the record as a whole, the Court shall GRANT IN PART and DENY IN PART the Government's motion. Specifically, the Court shall grant the Government's request to seal the Addendum and its motion to seal. The Court shall also seal portions of this Memorandum Opinion that discuss the underlying information in the Addendum and any legal analysis intertwined with these facts. However, the Court sees no reason to seal the entirety of this Memorandum Opinion or the accompanying Order which simply indicate that the Court is granting the Government's

---

[1] While the Court renders its decision today on the record as a whole, its consideration has focused on the following documents: Govt.'s Mot. for Lv. to File Under Seal the Govt.'s Addendum to its Mem. in Aid of Sent'g ("Govt.'s Mot."), ECF No. [62]; Govt.'s Sld. Addendum to its Mem. in Aid of Sent'g ("Govt.'s Sld. Addendum"), ECF No. [62-2]; Def.'s Praecipe, ECF No. [65].

1

request to seal and provide the legal reasoning applied to the Government's request. As such, the Court shall issue a Redacted Memorandum Opinion on the public docket and shall place under seal an unredacted version of its Memorandum Opinion issued on this date.[2]

## I. BACKGROUND

On July 10, 2012, Defendant pled guilty to a three-count Information, charging Defendant with conspiracy to make a contribution in the name of another and to destroy, alter, and falsify records in a federal investigation in violation of 18 U.S.C. §§ 371 and 1519, and 2 U.S.C. §§ 441f and 437g(d)(1)(D), fraud and false statements in violation of 26 U.S.C. § 7206(1), and conspiracy to make a contribution in the name of another person in violation of D.C. Code § 22-1805a and D.C. Code § 1-1131.01(e). *See* Information, ECF No. [1]. Defendant's charges center around a conspiracy to violate federal and local campaign finance laws through conduit contributions in relation to a campaign for a mayoral candidate. *See generally* Stmt. of Offense, ECF No. [9].

Pursuant to the terms of the Plea Agreement, Defendant was required to cooperate in any criminal investigation or prosecution conducted by the Office of the United States Attorney for the District of Columbia ("U.S. Attorney's Office") or by any other prosecutors and, if the Departure Committee of the U.S. Attorney's Office determined that Defendant provided substantial assistance in the investigation or prosecution of others, then the Government would file a motion pursuant to United States Sentencing Guideline § 5K1.1, requesting a downward departure from the Guidelines. Plea Agmt. at 5-6, ECF No. [8].

The Government in its Memorandum in Aid of Sentencing has notified the Court that

---

[2] The Court notes that the Government indicated in its Memorandum in Aid of Sentencing that it filed an Addendum and the Motion at issue under seal. Govt.'s Mem. in Aid of Sent'g & Mot. for Downward Departure at 17 n.11, ECF No. [61]. As such, the Court's issuance of its Redacted Memorandum Opinion and Order on the public docket notifies the public that the Motion has been resolved and that the Addendum will remain under seal until further Order of the Court.

Defendant has complied with the terms of her Plea Agreement and, as such, the Government has moved the Court to apply a downward departure to reduce Defendant's offense level by 12 levels pursuant to U.S.S.G. § 5K1.1 in light of Defendant's substantial assistance in the investigation and prosecution of others. Govt.'s Mem. in Aid of Sent'g & Mot. for Downward Departure at 17, ECF No. [61]. Specifically, the Government recommends a sentence of three years of probation with six months of home confinement imposed at the beginning of that period. *Id.* at 13. In support of this sentencing recommendation, the Government filed an Addendum "discussing areas of the defendant's substantial assistance that did not result in public charges." *Id.* at 17 n.11. The Government now requests that the Addendum be placed under seal.

## II. DISCUSSION

The public right to access documents in criminal proceedings is grounded both in the First Amendment and the common law. The Court shall analyze the Government's request to seal its Addendum in light of both standards and shall discuss each in turn.

A. *First Amendment Qualified Right of Access*

When determining whether a First Amendment right to public access exists for a particular criminal proceeding or court document, the court must consider two factors, known commonly as the "experience" and "logic" test: "(1) whether the place and process have historically been open to the press and general public, and (2) whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *In re New York Times Co.*, 585 F. Supp. 2d 83, 87 (D.D.C. 2008) (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-9 (1986)). "Even where such a right exists, however, this right is 'qualified' and is not absolute.'" *Matter of the Application of WP Co. LLC*, No. 16-mc-351 (BAH), 2016 WL 1604976, at *1 (D.D.C. Apr. 1, 2016) (quoting *In re New York Times*, 585 F. Supp. 2d at 90). "Thus, criminal proceedings or

documents may remain under seal where the government meets its 'burden of showing that it has a compelling interest in keeping the materials secret.'" *Id.* (quoting *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 606 (1982)). Indeed, if a qualified First Amendment right attaches, "the presumption of public access to these materials may be overridden only if the government demonstrates that '(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Id.* at *2 (quoting *Washington Post v. Robinson*, 935 F.2d 282, 290 (D.C. Cir. 1991)).

Here, the Government seeks to seal its Addendum to its Memorandum in Aid of Sentencing which "discusses in detail areas of cooperation by the defendant that did not result in public charges." Govt.'s Mot. at 4. ████████████████████████████
████████████████████████████████████████████████████████
████████████████████

In order to determine whether there is a First Amendment qualified right of access to the Addendum, the Court must first consider whether sentencing memoranda have historically been open to the press and the general public.[3] Generally, "there is an historic common law right of access to judicial records and documents that has been recognized in United States courts for well over a century." *In re New York Times*, 585 F. Supp. 2d at 89 (citing *Nixon v. Warner Communications*, 435 U.S. 589, 597, n.7 (1978)). Moreover, other courts addressing the issue

---

[3] For the purposes of its analysis, the Court treats the Addendum as a sentencing memorandum. In essence, the Addendum, while a separate document, provides the information that would otherwise be provided in the Government's Memorandum in Aid of Sentencing. However, the Government submitted this information in the Addendum and requests that the whole Addendum be sealed rather than incorporating the information into one document and asking that the public version of that document be redacted.

have held that sentencing memoranda are "judicial records" entitled to the common law presumption of access. *United States v. Kravetz*, 706 F.3d 47, 56-57 (1st Cir. 2013); *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008); *c.f. United States v. Armstrong*, -- F. Supp. 3d --, No. 11-cr-681, 2016 WL 2643041, at *2 (E.D.N.Y. May 9, 2016) (accepting for the purposes of its analysis that the First Amendment presumption of access applies to Government letters filed in connection with a defendant's sentencing); *United States v. Cannon*, No. 3:14-cr-00087-FDW, 2015 WL 3751781, at *4 (W.D.N.C. Jun. 16, 2015) (finding that there was a First Amendment and common law right to access portions of the defendant's sentencing memorandum that referenced information in the pre-sentence report); *United States v. Chanthaboury*, No. 2:12-cr-00188-GEB, 2013 WL 6404989, at *1 (E.D. Cal. Dec. 6, 2013) (recognizing a First Amendment right to access of sentencing memoranda). As such, the Court concludes that sentencing memoranda historically have been open to the press and general public. While the Court reaches this holding, it notes that sentencing memoranda that include information regarding a defendant's cooperation are often filed under seal. *Armstrong*, 2016 WL 2643041, at *2.

The Court next considers whether public access to sentencing memoranda plays a significant and positive role in the functioning of a particular process. As the United States Court of Appeals for the First Circuit recognized, public access to sentencing memoranda permits public oversight at sentencing and serves to "'check any temptation that might be felt by either the prosecutor or the court . . . to seek or impose an arbitrary or disproportionate sentence'; promote accurate fact-finding; and in general stimulate public confidence in the criminal justice system by permitting members of the public to observe that the defendant is justly sentenced." *Kravetz*, 706 F.3d at 57 (internal citations omitted). As such, the Court concludes that there exists a First Amendment qualified right to public access of the Government's Addendum to its Memorandum

of Sentencing.

    The Court must next consider whether the Government has demonstrated a compelling interest that warrants sealing the Addendum.  Here, the Government identifies two such interests:

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████  The Court shall address each Government interest in turn.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████

██████████████████████████████████████████████

████████████████████████████████████████ The Court agrees that

the Government's interest in maintaining the confidentiality of those assisting law enforcement is

a compelling one. *Roviaro v. United States*, 353 U.S. 53, 59 (1957) (asserting that the

Government's privilege to withhold the identity of those furnishing information to law

enforcement "recognizes the obligation of citizens to communicate their knowledge of the

commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages

them to perform that obligation."); *WP Co. LLC*, 2016 WL 1604976, at *2 (recognizing that the

public release of information from informants could "significantly infringe upon . . . the

government's interest in obtaining confidential assistance in future investigation").

For the reasons described, the Court concludes that the Government has set forth two

compelling reasons that warrant granting its request to seal the Addendum and overriding the First

Amendment qualified right to public access.  Specifically, the Court finds that sealing the

Government's Addendum to its Memorandum in Aid of Sentencing serves the compelling interests

laid out above, that there is a substantial probability that, in the absence of sealing, these

compelling interests would be harmed, and that there are no alternatives to sealing that would

adequately protect these compelling interests.

The Court recognizes that it must protect the compelling interests set forth by the

Government through the least restrictive means possible.  Here, the Government requests that

instead of filing redacted versions, that the Court seal the Addendum and the underlying motion

to seal in their entirety.  As an initial matter, the Court notes that unlike in the instant Memorandum

Opinion, the factual background provided by the Government in its Addendum and the motion to

seal are intertwined such that redacting these documents would render them meaningless. ██████



While this information is important for the Court's determination as to an appropriate sentence, the Government has separated out from its publicly filed Memorandum in Aid of Sentencing and placed in the Addendum the information that it has demonstrated compelling interests in sealing. As such, the Court agrees that it is necessary to seal the Addendum as a whole given that redactions would render the document meaningless and the Government purposefully isolated the sensitive material into its Addendum presumably so as to eliminate the necessity to heavily redact its Memorandum in Aid of Sentencing. *Gardner v. Newsday, Inc.*, 895 F.2d 74, 80 (2d Cir. 1990) ("[A] district court has the authority to redact a document to the point of rendering it meaningless, or not to release it at all."). Similarly, the instant motion requesting that the Addendum be sealed would be rendered meaningless if it were redacted given that the document contains sensitive information throughout its discussion. However, the Court has separated out its legal analysis in some instances from the specific facts of this case, such that the sealed information in this Memorandum Opinion may be redacted and the document can be placed on the public docket.

    B. *Common Law Right of Access*

    The Court next turns to the issue of whether public disclosure of the Addendum is warranted in light of the common law right of access. In *In re New York Times Co.*, 585 F. Supp. 2d 83 (D.D.C. 2008), then-Chief Judge Royce C. Lamberth recognized that public right to access may be grounded both in the First Amendment and in the common law. *See New York Times Co.*,

585 F. Supp. 2d at 92. As such, in the interest of completeness, the Court shall address whether the public has a common law right of access to the Addendum. As the Court noted in its earlier discussion, sentencing memoranda are "judicial records" entitled to the common law presumption of access. Given that the presumption of access is applicable to the Addendum, the Court must next determine the relevant legal standard to determine whether the request to seal should nevertheless be granted. Here, the Government has advocated adopting the same approach employed by Chief Judge Lamberth in *In re New York Times Co.*, and applying the test articulated in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1981). *New York Times Co.*, 585 F. Supp. 2d at 92. The Court agrees that this is the appropriate test in this instance.

"[T]he decision as to access (to judicial records) is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Hubbard*, 650 F.2d at 316-17 (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978)). In this Circuit, "the starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *EEOC v. Nat'l Children's Ctr. Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)). In *Hubbard*, the D.C. Circuit identified six factors that might act to overcome this presumption:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317-22). The Court considers each of the factors in turn.

1. *The Need for Public Access to the Documents at Issue*

9

"The presumption in favor of public access to judicial records is strongest when 'the documents at issue [are] . . . specifically referred to in a trial judge's public decision.'" *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 148 (D.D.C. 2010) (quoting *Hubbard*, 650 F.2d at 318). Here, the public has a strong need for the access to the Addendum. ███████████ ██████████████████████████ Defendant has pled guilty to two conspiracy charges related to the violation of campaign finance laws and a fraud/false statements charge. Given the nature of Defendant's offenses, the Court finds that this is clearly a matter of public interest. As such, the Court finds that this factor weighs in favor of providing public access to the Addendum.

### 2. *The Extent of Previous Public Access to the Documents*

Previous public access to the sealed filings "is a factor which may weigh in favor of subsequent [public] access." *Hubbard*, 650 F.2d at 318. ███████████████████████
███████████████████████████████████████
███████████████████████████████████████
Accordingly, this factors weighs in favor of granting the request to seal.

### 3. *The Fact of Objection to Disclosure and the Identity of Those Objecting*

"[T]he fact that a party moves to seal the record weighs in favor of the party's motion." *Zapp*, 746 F. Supp. 2d at 149. Here, the Government has objected to disclosure of the Addendum and with Defendant's consent, requests that it be placed under seal. As such, the fact that both parties seek to have the Addendum placed under seal weighs in favor of nondisclosure.

### 4. *The Strength of Any Property and Privacy Interests Asserted*

The fourth *Hubbard* factor requires the Court to "assess the strength of any property or privacy interests voiced by the moving party." *U.S. ex rel. Durham v. Prospect Waterproofing,*

*Inc.*, 818 F. Supp. 2d 64, 68 (D.D.C. 2011). In *Hubbard*, the D.C. Circuit considered "the objecting party's privacy interest in the particular documents . . . rather than the effect that unsealing the documents would have on the party's property and privacy interests generally . . . ." *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009) (emphasis added). As such, "under this factor, the party seeking to avoid disclosure must identify specific privacy interests in the documents at issue." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 94 (D.D.C. 2014).



In light of the strong privacy interests advanced by the Government in support of its request to seal the Addendum, the Court finds that this factor weighs in favor of maintaining the Addendum under seal.

5.   *The Possibility of Prejudice to Those Opposing Disclosure*

The possibility of prejudice refers to "whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal." *Friedman*, 672 F. Supp. 2d at 60. Here, neither party alleges that disclosure of the Addendum would have an effect on future litigation. As such, the Court finds that this factor is neutral.

6.   *The Purposes for Which the Documents were Introduced*

Finally, the Court must consider the purpose for which the documents in question were

introduced. The more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes. *See Durham*, 818 F. Supp. 2d at 69 (explaining that "there is less of a pressing concern to unseal pleadings if they are not relevant to the claims," for example, if they were not used at trial or relied upon by the trial judge in his or her decision). This factor "focuses on the [movant's] purpose of filing his pleadings and nothing further." *Id.* Here, the Government has filed the Addendum to support its position as to Defendant's sentence and the Addendum is central to this issue. As such, the Court finds that this factor weighs in favor of permitting public access to the Addendum.

### 7. *Conclusion*

After weighing the six *Hubbard* factors, the Court concludes that the Government has overcome the presumption in favor of public access to the Addendum. Indeed, here the Government has advanced two strong and compelling interests that outweigh the common law qualified right of access to the Addendum. In sum, after considering both the First Amendment qualified right to access and the common law qualified right to access, the Court shall grant the Government's request to seal its Addendum.[4]

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the Government's [62] Motion for Leave to File Under Seal the Government's Addendum to its Memorandum in Aid of Sentencing. Specifically, the following documents shall be entered on the

---

[4] As the Government points out, there was litigation pending before Chief Judge Beryl A. Howell brought by one media entity seeking disclosure of search warrant materials related to the Government's investigation. *See In the Matter of the Application of WP Company LLC d/b/a The Washington Post for Access to Certain Sealed Records*, 16-mc-351 (BAH). However, on August 18, 2016, Chief Judge Howell denied the media entity's request for additional unsealing and closed the matter.

docket under seal: the Government's [62] Motion for Leave to File Under Seal Its Addendum to Government's Memorandum in Aid of Sentencing; the Government's [62-2] Sealed Addendum to Its Memorandum in Aid of Sentencing; and the unredacted version of the instant Memorandum Opinion. A redacted version of the instant Memorandum Opinion and the accompanying Order shall be entered on the public docket.

An appropriate Order accompanies this Memorandum Opinion.


                                        _____/s/_____
                                        **COLLEEN KOLLAR-KOTELLY**
                                        UNITED STATES DISTRICT JUDGE